UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 18-206 JGB (JC)** | Date | July 9, 2019 |
| Title | *Steven Eric Gould v. Orange County Sheriff's Department, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order DENYING Plaintiff's Ex Parte Application for Temporary Restraining Order (IN CHAMBERS)**

Before the Court is Plaintiff Steven Eric Gould's ex parte application for a temporary restraining order. ("Application," Dkt. No. 23.) After considering all papers filed in support of the Application, the Court DENIES Plaintiff's Application.

Plaintiff filed a complaint on February 6, 2018. ("Complaint," Dkt. No. 1.) After the Complaint was dismissed on June 20, 2018, Plaintiff filed an amended complaint on July 9, 2018. ("FAC," Dkt. No. 14.) The FAC alleges violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution against the Orange County Sheriff's Department ("OCSD") and fifteen of its employees ("Defendants"). On June 12, 2019, Plaintiff filed the present Application. (Dkt. No. 23.) Plaintiff seeks an order restraining all Defendants coming within 100 yards of his person. (Id. at 2-3.) In support of his Application, Plaintiff claims that Defendants have "threatened Plaintiff's life, liberty, and the pursuit of happiness through use of a liaison…" (Id. at 2.)

A temporary restraining order may be issued upon a showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 61(b)(1)(A). The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. Lockhead Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

A plaintiff seeking a TRO must therefore establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."  <u>Munaf v. Geren</u>, 553 U.S. 674, 690 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).

      Plaintiff's Application does not meet the requirements for issuance of a TRO. While Plaintiff claims that he "may again be injured" by "any or all of the persons and agencies described" in the FAC, he does not describe how he was threatened by Defendants, why he believes that he may imminently be harmed by them, what form that harm may take, or why that harm is likely to happen.  Nor has Plaintiff explained why he is likely to succeed on the merits of any of his claims or produced even minimal evidence tending to show a likelihood of success on the merits.  The Court therefore DENIES Plaintiff's Application.

      **IT IS SO ORDERED.**